# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6458 | **DATE** | 8/17/12 |
| **CASE TITLE** | \multicolumn{3}{l|}{Anthony Johnson (#2012-0420150) vs. City of Chicago, et al.} |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied for insufficient showing of indigence. Plaintiff must pay the full statutory filing fee of $350.00. Additionally, Plaintiff must submit a new proposed amended complaint (along with a judge's copy and service copies). Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The Clerk is directed to send Plaintiff an amended complaint form, and instructions along with a copy of this order.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Plaintiff claims that Defendant Chicago Police Officers subjected him to false arrest.

Plaintiff's motion for leave to proceed *in forma pauperis* must be denied for lack of a sufficient showing of indigence. Plaintiff's financial affidavit reveals that he has a current balance of $910.47 in his prison trust account. Because Plaintiff is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). A prisoner, like any other person contemplating a civil suit, must consider the cost of the litigation versus the probability of success.

In sum, the Court finds that Plaintiff is financially able to pay the $350.00 filing fee. Consequently, Plaintiff must prepay the statutory filing fee if he wishes to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk, United States District Court. If Plaintiff fails to comply with this order within thirty days, the case will be summarily dismissed. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

Additionally, Plaintiff's complaint is deficient and must be dismissed, without prejudice. Plaintiff does not satisfy the pleading requirements of FED. R. CIV. P. 8(a). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)
**(CONTINUED)**

AWL

**STATEMENT  (continued)**

(quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).  To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).   It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted).  Plaintiff has only indicated dates in a general way that render his pleading confusing, and subject to multiple interpretations. Plaintiff has not given any indication of when his alleged false arrest occurred. Consequently, Plaintiff's complaint is dismissed, with leave to amend.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the amended complaint, without reference to the original complaint.  Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If Plaintiff fails to both pay the statutory filing fee and submit a proposed amended complaint within thirty days, the case will be summarily dismissed in its entirety.